ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| BROCK PIERCE Y OTROS<br><br>PETICIONARIA<br><br><br><br>VS.<br><br><br><br><br>JOSEPH LIPSEY III Y OTROS<br><br>RECURRIDOS | TA2026CE00338 | *Certiorari* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Caso Núm.: SJ203CV11697<br><br><br>Sobre: Sentencia declaratoria, Injuction (Entredicho provisional, Injuction preliminar o permanente), Incumplimiento de contrato, Libelo, Calumnia o difamación |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de abril de 2026.

Comparece Brock Pierce, The Roundtable LLC- Serie 18, The Roundtable LLC- Serie 67, The Roundtable LLC- Serei 68, Vieques Holdings Parcel A, LLC, Vieques Holding Parcel B, LLC y Vieques Holdings Parcel C, LLC (en adelante peticionarios) mediante una petición de *Certiorari* presentado el 19 de marzo de 2026 y nos solicitan que revisemos la Orden emitida el 16 de diciembre de 2025 y notificada el 17 de diciembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante TPI o foro primario) mediante la cual se denegó la solicitud de los peticionarios para excluir la aplicación del privilegio abogado cliente y el privilegio de producto del trabajo invocados por Lipsey y VRRRF en relación a sus representantes legales que no forman parte de su equipo legal en el litigio ante el TPI.

**I.**

El 19 de diciembre de 2023, los peticionarios Brock Pierce ("Pierce"), The Roundtable LLC– Series 18, The Roundtable LLC– Series 67, The Roundtable LLC– Series 68, Vieques Holdings Parcel  A, LLC, Vieques Holdings Parcel B, LLC, Vieques Holdings Parcel C, LLC, presentaron una Demanda sobre Sentencia Declaratoria, Injunction, Nulidad e incumplimiento de contrato, y otras reclamaciones contra Joseph Lipsey III; Scott Eisner; Pedro  Piquer; VRRRF LLC; Pulpo Consulting LLC; Puente Financial services, LLC. Posteriormente, el 27 de noviembre de 2024, se presentó una demanda enmendada. Según surge de las alegaciones de la demanda y de la demanda enmendada, Pierce obtuvo un préstamo de Lipsey por la cantidad principal de $10,000,000.00 mediante un contrato de *Credit Agreement* —modificado posteriormente en virtud de un *Amended and Restated Credit Agreement*—, el cual fue garantizado con la participación de Lipsey en varias entidades (las Compañías Roundtable) que eran dueñas de tres parcelas de terreno en Vieques, Puerto Rico.

Los peticionarios alegan que, luego de otorgado el préstamo, Lipsey actuó con el propósito de apropiarse de la propiedad de la cual era titular Pierce a través de las Compañías Roundtable. En lo pertinente, sostienen que Lipsey declaró un incumplimiento que no era real, utilizó documentos que describen como fraudulentos y procedió a ejecutar las garantías pactadas, lo que culminó en la transferencia de la titularidad de la propiedad a una entidad bajo el control de Lipsey, siendo esta entidad VRRRF.

La parte peticionaria también alega que Lipsey no cumplió con las obligaciones que asumió bajo el contrato de crédito, incluyendo el desembolso de fondos, y que realizó transacciones relacionadas con terceros que, según plantean, evidencian la forma en que se llevó a cabo la alegada apropiación ilegal de la propiedad. A base de lo anterior, sostienen que los actos fraudulentos realizados antes y después de la declaración de incumplimiento,

incluyendo la ejecución de las garantías y las transferencias de titularidad, son nulos y contrarios a derecho.

Por su parte, los recurridos negaron las alegaciones de fraude y sostuvieron que las transacciones contractuales fueron válidamente acordadas.[1] En lo pertinente, alegaron que Pierce incumplió con sus obligaciones bajo los acuerdos suscritos, lo que dio lugar al ejercicio de los remedios contractuales correspondientes, incluyendo la aceleración de la deuda y la ejecución de las garantías. Además, alegaron que la titularidad de las parcelas en controversia corresponde a VRRRF.

Durante la etapa del descubrimiento de prueba, surgieron diversas controversias sobre el alcance de la información que debía producirse, particularmente con relación a comunicaciones entre los recurridos y sus abogados. A esos efectos, el 24 de julio de 2025 las partes presentaron una *Moción Conjunta para compeler descubrimiento escrito*[2]. En esta, los recurridos presentaron sus objeciones a los requerimientos de los peticionarios, basadas en el privilegio abogado-cliente y en la alegada falta de pertinencia de la información solicitada. Posteriormente, las partes presentaron memorandos de derecho en apoyo a sus respectivas posiciones.[3] En su escrito, los peticionarios sostuvieron que la información solicitada era pertinente para probar el alegado esquema de fraude.

El 6 de noviembre de 2025 el TPI emitió una *Resolución*[4] en la que, en atención a la *Moción Conjunta para compeler descubrimiento escrito* presentada, los memorandos de derecho y el expediente del caso, resolvió cada una de las objeciones planteadas y dispuso qué esos asuntos debían ser descubiertos y cuáles otros estaban cobijados bajo el privilegio abogado-cliente.

---

[1] Véanse Entradas Núm. 49, 51, 98 y 140 del SUMAC del TPI.
[2] Entrada Núm. 134 del SUMAC del TPI.
[3] Entradas Núm. 136 y 137 del SUMAC del TPI.
[4] Entrada Núm. 144 del SUMAC del TPI.

En la misma fecha, los peticionarios presentaron una *Moción para que se dicte orden en torno a la excepción de fraude al privilegio abogado-cliente y de producto del trabajo contenida en la Regla 503(c)(1) de las Reglas de Evidencia*[5], mediante la cual solicitaron que se declarara inaplicable el privilegio reclamado por los recurridos. En síntesis, alegaron que las comunicaciones entre Lipsey, VRRRF y sus abogados formaban parte del esquema fraudulento descrito en la demanda y que la intervención de los abogados sirvió para diseñar, preparar y ejecutar las transacciones impugnadas, incluyendo los contratos de préstamo, la declaración de incumplimiento, la ejecución de las garantías y la transferencia de las entidades y de la propiedad en controversia. Sostuvieron que la evidencia presentada en el caso demostraba, al menos de forma *prima facie*, que los servicios legales fueron utilizados para facilitar ese esquema, por lo que procedía descorrer el privilegio.

Por su parte, los recurridos Lipsey y VRRRF[6], así como el Lcdo. Piquer[7], se opusieron a dicha moción, sosteniendo que la excepción de fraude no puede aplicarse de manera general y que los peticionarios no presentaron evidencia suficiente para cumplir con el estándar requerido. En lo pertinente, argumentaron que la excepción requiere demostrar, de forma *prima facie*, tanto la comisión o intención de cometer fraude como que las comunicaciones abogado-cliente específicas fueron utilizadas para promoverlo, lo cual —según alegan— no fue establecido por los peticionarios.

Atendidas estas y otras solicitudes relacionadas, el TPI emitió varias resoluciones interlocutorias el 16 de diciembre de 2025, notificadas el día siguiente.[8] Con relación a la moción presentada por los peticionarios al amparo de la Regla 503(c)(1) de Evidencia, y a las oposiciones de los

---

[5] Entrada Núm. 146 del SUMAC del TPI.
[6] Entrada Núm. 157 del SUMAC del TPI.
[7] Entrada Núm. 159 del SUMAC del TPI.
[8] Véanse Entradas Núm. 167 y 168 del SUMAC del TPI.

recurridos, el foro primario resolvió No Ha Lugar a la solicitud de aplicar la excepción de fraude al privilegio abogado-cliente.[9]

El 7 enero de 2026, los peticionarios presentaron una *Moción de Reconsideración en torno a la Resolución Interlocutoria en la Entrada Núm. 167* [sic][10]. En lo pertinente, sostuvieron que el TPI aplicó un estándar incorrecto, al exigir prueba de la comisión de fraude, cuando lo que correspondía era determinar si existía evidencia que, de forma *prima facie*, demostrara que los servicios legales fueron utilizados para permitir o ayudar a cometer o planificar un fraude. A esos efectos, reiteraron que habían presentado amplia evidencia documental y testifical, incluyendo declaraciones bajo juramento y extractos de deposiciones (de otro pleito), que —según plantean— evidenciaban que los recurridos utilizaron la asistencia de abogados para diseñar y ejecutar las transacciones impugnadas.

Por su parte, el 27 de enero de 2026, Lipsey y VRRRF se opusieron a la solicitud de reconsideración, sosteniendo que esta carecía de fundamento tanto en derecho como en los hechos y reiteraron los argumentos previos sobre la falta de prueba *prima facie* sobre la alegada comisión de fraude o la intención de cometerlo.[11] El 28 de enero de 2026, los peticionarios replicaron y reiteraron que el estándar aplicable es uno de naturaleza *prima facie* y que no era necesario probar de forma concluyente la comisión de fraude en esta etapa.[12]

Atendidas las posiciones de las partes, el 16 de febrero de 2026, notificada al día siguiente, el TPI emitió una *Resolución Interlocutoria*[13], mediante la cual declaró No Ha Lugar a la solicitud de reconsideración, manteniendo su determinación previa de no aplicar la excepción de fraude al privilegio abogado-cliente y de producto del trabajo.

---

[9] Entrada Núm. 169 del SUMAC del TPI.
[10] Entrada Núm. 180 del SUMAC del TPI.
[11] Entrada Núm. 183 del SUMAC del TPI.
[12] Entrada Núm. 184 del SUMAC del TPI.
[13] Entrada Núm. 188 del SUMAC del TPI.

Inconforme con ello, el 19 de marzo de 2026 la parte peticionaria comparece ante nos mediante el recurso de epígrafe y hace los siguientes señalamientos de error:

**PRIMER SEÑALAMIENTO DE ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA APLICACIÓN DE LA REGLA 503 (C)(1) PARA EXCLUIR EL PRIVILEGIO ABOGADO-CLIENTE Y DE PRODUCTO DEL TRABAJO INVOCADOS POR LIPSEY Y VRRRF RESPECTO AL LCDO. PEDRO PIQUER.

**SEGUNDO SEÑALAMIENTO DE ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA APLICACIÓN DE LA REGLA 503 (C)(1) PARA EXCLUIR EL PRIVILEGIO ABOGADO-CLIENTE Y DE PRODUCTO DEL TRABAJO INVOCADOS POR LIPSEY Y VRRRF RESPECTO AL LCDO. JOSÉ A. DÍAZ BRUGUERAS.

**TERCER SEÑALAMIENTO DE ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA APLICACIÓN DE LA REGLA 503 (C)(4) PARA EXCLUIR EL PRIVILEGIO ABOGADO-CLIENTE Y DE PRODUCTO DEL TRABAJO INVOCADOS POR LIPSEY Y VRRRF RESPECTO AL LCDO. JOSÉ A. DÍAZ BRUGUERAS.

El 27 de marzo de 2026, los recurridos Joseph Lipsey III y VRRRF, LLC presentaron un Memorando en Oposición a Petición de Certiorari (R.37A). Por su parte, el 30 de marzo de 2026, los recurridos, el Lic. Pedro J. Piquer Henn y Puente Financial Services LLC radicaron su Oposición a la expedición del auto de certiorari a tenor con la Regla 37A.

Evaluada la totalidad de los escritos, procedemos a disponer.

**II.**

A. *Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus

méritos". *BPPR v. SLG Gómez-López, supra,* pág. 337; *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *IG Builders et. al. v. BBVAPR,* 185 DPR 307, 338 (2012). Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo,* 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia,* 154 DPR 79, 91 (2001). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo,* supra, pág. 372 (citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016)).

Por otra parte, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el foro primario, solamente será expedido por este Tribunal cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil o de la denegatoria de una moción de carácter dispositivo. Ahora bien, por excepción este foro apelativo podrá revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5) casos que revistan interés público; (6) o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. En los casos antes mencionados, el foro apelativo no tiene que fundamentar su decisión al denegar la expedición de un recurso de *certiorari.*

Asimismo, con el fin de que podamos ejercer de manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR ___ (2025), R. 40, nos

señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. En lo pertinente, la Regla 40 dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, ninguno de los criterios antes citados es determinante por sí solo y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560). Por lo general, los tribunales revisores no intervienen con el manejo de los casos de

los tribunales de instancia, salvo que "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000) (citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986)). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

B. *Descubrimiento de prueba y el privilegio abogado-cliente*

La Regla 23.1 de Procedimiento Civil dispone lo relacionado al del descubrimiento de prueba. 33 LPRA Ap. V, R. 23.1. En lo pertinente, dicha regla señala lo siguiente:

[L]as partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible. *Id.* (Negrilla suplida).

El descubrimiento de prueba es el mecanismo utilizado por las partes para "obtener hechos, título, documentos u otras cosas que están en poder del demandado o que son de su exclusivo conocimiento y que son necesarias […] para hacer valer sus derechos". *McNeil Healthcare, LLC v. Municipio de*

*Las Piedras*, 206 DPR 659, 672 (2021) (citando a Rivera García, *Diccionario de términos jurídicos*, 3ra ed. rev., San Juan, Ed. LexisNexis, 2000, pág. 70).

El alcance del descubrimiento de prueba debe ser uno amplio y liberal, de manera que se logren soluciones justas, rápidas y económicas a las controversias existentes entre las partes. *Cruz Flores v. Hospital Ryder Memorial Inc.*, 210 DPR 465, 496 (2022); *Berríos Falcón, et al. v. Torres Merced*, 175 DPR 962, 971 (2009); *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 152 (2000). Esto debido a que, utilizando de manera adecuada este mecanismo, se aceleran los procedimientos, las transacciones y, se evitan sorpresas indeseables durante la celebración del juicio. *McNeil Healthcare, LLC v. Municipio de Las Piedras, supra,* pág. 673.

No obstante, nuestro ordenamiento establece dos restricciones a dicho mecanismo: (1) que la información objeto del descubrimiento no sea privilegiada y (2) que la misma sea pertinente al asunto o controversia. *Cruz Flores v. Hospital Ryder Memorial, supra*; *McNeil Healthcare, LLC v. Municipio de Las Piedras, supra; Rivera y Otros v. Bco. Popular, supra.*

Sobre la primera restricción, una parte no podrá objetar un requerimiento de descubrimiento de prueba a menos que invoque oportunamente un privilegio específico reconocido en nuestras Reglas de Evidencia. Ponce Adv. Med. v. Santiago González et al., 197 DPR 891, 899 (2017) (citando a García Rivera et al. v. Enríquez, 153 DPR 323, 333 (2001)). Es decir, "'por consideraciones de política pública', el privilegio excluye prueba que de otro modo sería pertinente y descubrible". Ponce Adv. Med. v. Santiago González et al., supra, pág. 899 (citando a E.L. Chiesa Aponte, Tratado de Derecho Probatorio: Reglas de Evidencia de Puerto Rico y federales, San Juan, Pubs. JTS, 1998, T. I, pág. 185). En relación con el alcance de la protección otorgada a materia privilegiada por consideraciones

de interés público, y sus excepciones, nuestro Tribunal Supremo ha citado con aprobación las siguientes expresiones del profesor Chiesa Aponte:

> Se estima que el sacrificio de evidencia con claro valor probatorio se justifica para adelantar un alto interés público[...]. Mientras más alto sea el interés público que se quiere adelantar con el privilegio, mayor será su alcance y menor las excepciones al privilegio. Mientras menor sea el interés público que se quiere adelantar, de menor alcance será el privilegio y más las excepciones [...]. Pagán v. First Hospital, 189 DPR 509 518 (2013)(citando a E.L. Chiesa Aponte, Reglas de Evidencia de Puerto Rico 2009, San Juan, Pubs. JTS, 2009, pág. 149).

Ahora bien, el privilegio abogado-cliente es el más antiguo de los privilegios que provienen del derecho común. Sus comienzos se remontan al Derecho Romano y luego al Derecho Canónico. Al principio de la doctrina, este privilegio le pertenecía al abogado, no al cliente, ya que su fin no era más que preservar el honor del abogado por no tener que revelar los secretos confiados por el cliente. Desde su comienzo, el privilegio abogado-cliente ha protegido el vínculo de confianza de esta relación fiduciaria ya que revelar las confidencias del cliente constituye, no solo un acto de traición, sino que viola el deber de lealtad del abogado. *Pueblo v. Fernández Rodríguez*, 183 DPR 770, 786 (2011). Conforme Regla 503 (b) de Evidencia, el privilegio puede ser invocado por: (a) el cliente, sea o no parte del pleito o la acción; (b) el abogado, si lo invoca a nombre del cliente o para beneficio de este; y (c) cualquier persona autorizada por el cliente. 32 LPRA Ap. VI. La parte que alega o reclama la existencia de un privilegio tiene el peso de probar su existencia. Le corresponde al reclamante del privilegio establecer prima facie la concurrencia de los siguientes elementos: (1) que hay expectativa de confidencialidad; (2) que ésta es un elemento esencial para mantener la relación entre las partes; (3) que la comunidad promueve o reconoce este tipo de relación, y (4) que el perjuicio ocasionado por la divulgación de la comunicación supera el beneficio de divulgarla. *Casasnovas et al. v. UBS Financial et al.,* 198 DPR 1040, 1056 (2017).

En lo pertinente, la Regla 503 (b) de Evidencia, supra, que establece el privilegio abogado-cliente, dispone que el cliente tiene el privilegio de rehusar revelar y de impedir que otra persona revele una comunicación confidencial entre ésta y su abogado realizada en el curso de procurar asistencia legal. La comunicación protegida es aquella habida en la relación con alguna gestión profesional, basada en la confianza de que no será divulgada a terceras personas, salvo a aquellas que sea necesario para llevar a efecto los propósitos de la comunicación.  Por su parte, la Regla 505 de Evidencia, 32 LPRA Ap. VI, establece el privilegio para el producto del trabajo de un abogado, consultor, fiador, asegurador o agente, preparado u obtenido "en anticipación de, o como parte de una investigación o procedimiento civil, administrativo o penal".

El producto del trabajo:

> [...] consiste en esa información que [el abogado] ha reunido y las impresiones mentales, teorías legales y estrategias que él persigue o ha adoptado, derivadas de entrevistas, declaraciones, memorándum, correspondencia, resúmenes, investigaciones de hechos o de derecho, creencias personales y otros medios tangibles o intangibles. *Casasnovas et al. v. UBS Financial et a*l., *supra,* pág. 1056, citando a Ades v. Zalman, 115 DPR 514, 525 esc. 3 (1984), citando a State ex rel. Dudek v. Circuit Court for Milwaukee County, 150 N.W.2d 387 (1967).

Por excepción, la Regla 503 (c) (1) de Evidencia, supra, establece que no existirá privilegio cuando "[l]os servicios de la abogada o del abogado fueron solicitados u obtenidos para permitir o ayudar a cualquier persona a cometer o planear la comisión de un delito o un fraude".

TA2026CE0338

### III.

Luego de examinado el recurso ante nuestra consideración, no hemos encontrado fundamento legal alguno que amerite la expedición del auto de *certiorari,* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra.

### IV.

En virtud de lo anterior, se deniega la expedición del recurso de *Certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís

Secretaria del Tribunal de Apelaciones